UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

    v.                                 **MEMORANDUM OPINION AND ORDER**
                                            Criminal No. 09-183 ADM/FLN

Joseph Paul Young,

        Defendant.
_____

Joseph S. Teirab, Assistant United States Attorney, Minneapolis, MN on behalf of Plaintiff.

Joseph Paul Young, pro se.
_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendant Joseph Paul Young's ("Young") Motion for the Appointment of Counsel and Motion for DNA Testing [Docket Nos. 116, 117]. Plaintiff United States of America (the "Government") opposes the motions. See Gov't Resp. [Docket No. 119]. For the reasons set forth below, the motions are denied.

## II. BACKGROUND

On July 14, 2009, Young was indicted on four counts of bank robbery under 18 U.S.C. § 2113(a). Each count alleged a separate robbery of a Minnesota bank between September 2007 and April 2008. Indictment [Docket No. 1]. On June 23, 2011, a jury found Young guilty of all four bank robberies. Verdict [Docket No. 63]. Young had previously pled guilty to a bank robbery in West Virginia on February 24, 2009, and was found guilty of a series of three bank robberies in South Dakota on August 10, 2010. In all of the robberies, Young wore the same characteristic clothing—a long-sleeved plaid flannel shirt and a baseball cap—with nothing

concealing his face.  United States v. Young, 701 F.3d 1235, 1239 (8th Cir. 2012).  Young was sentenced to 220 months of imprisonment and restitution of $15,226 for the Minnesota robberies.  Sentencing J. [Docket No. 78] at 2, 5.

Young appealed his conviction and sentence, and on December 20, 2012, the Eighth Circuit Court of Appeals affirmed.  Young, 701 F.3d at 1237.  In rejecting Young's argument that the evidence was not sufficient to support his convictions, the Eighth Circuit stated:

> Substantial evidence links Young to each robbery for which he was indicted in this case.  The jurors were able to observe Young at trial and compare him with the individuals appearing in the surveillance photos from the four Minnesota banks.  There was also evidence from which they could find that the same individual had robbed the four banks in Minnesota as well as the banks in West Virginia and South Dakota.  Moreover, a search of Young's residence found baseball caps and plaid shirts matching those worn during the Minnesota robberies, three tellers identified Young from a photographic lineup after his arrest, and one also identified him in court.  We conclude that the evidence sufficiently supports Young's four Minnesota convictions for bank robbery.

Id. at 1240.  The Supreme Court denied Young's petition for writ of certiorari.  See Notice [Docket No. 94].

In December 2013, Young moved to vacate his sentence under 28 U.S.C. § 2255.  See Mot. [Docket No. 95].  This Court denied the motion, and the Eighth Circuit declined to grant a Certificate of Appealability.  See Mem. Op. Order [Docket No. 105]; USCA J. [Docket No. 113].

Young now moves for DNA testing of a blue and gray hooded flannel shirt and a gold University of Minnesota baseball cap that were found at his Missouri residence and introduced into evidence at trial.  See Gov't Exs. 9B (flannel shirt), 9M (baseball cap), 10B (photograph of flannel shirt), 10C (photograph of baseball cap); Trial Tr. [Docket No. 86] at 307:12–309:16, 311:9–14, 312:9–313:2.  Young argues the items should have been submitted for DNA testing.

He contends that without such testing "the Government's case was nothing but unreliable information." Reply [Docket No. 120] at 7–8. Young also requests the Court to appoint counsel to represent him in this matter.

### III.  DISCUSSION

Young seeks DNA testing under the authority of the Innocence Protection Act, 18 U.S.C. § 3600. The Act authorizes post-conviction testing of specific evidence if a defendant satisfies ten requirements. See § 3600(a)(1)-(10); United States v. Roberts, 417 F. App'x 812, 824 (10th Cir. 2011). Especially relevant here are two of the requirements – (1) that "[t]he proposed DNA testing of the specific evidence may produce new material evidence that would . . . raise a reasonable probability that the [defendant] did not commit the offense," and (2) that "[t]he motion is made in a timely fashion." 18 U.S.C. §§ 3600(a)(8) and (10). Young cannot satisfy either of these requirements.

DNA testing on the flannel shirt and baseball cap would not raise a reasonable probability that Young did not commit the offense, even if the items tested negative for Young's DNA. "DNA testing alone does not always resolve a case. Where there is enough other incriminating evidence and an explanation for the DNA result, science alone cannot prove a prisoner innocent." Dist. Attorney's Office for Third Judicial Dist. v. Osborne, 557 U.S. 52, 62, (2009). The incriminating evidence against Young includes three tellers identifying Young from a photographic lineup after his arrest, one teller identifying Young in court, and surveillance photographs and videos from the four Minnesota banks showing Young as the bank robber. The distinctive baseball caps and flannel shirts matching those worn during the Minnesota robberies were found in Young's Missouri residence. The jury was aware that DNA testing had not been

conducted on the flannel shirts or baseball caps.  Trial Tr. at 325:10–13; 368:12–369:17.  Given the substantial evidence supporting the jury's verdict in this case, Young cannot show that DNA testing would raise a reasonable probability that he did not commit the Minnesota bank robberies.

Young also cannot show that the motion for DNA testing is timely.  The Act creates a rebuttable presumption of untimeliness for motions filed more than 36 months after conviction.  See 18 U.S.C. § 3600(a)(10)(A), (B).  Young was convicted by a jury on June 23, 2011.  This Motion was docketed on April 30, 2020, more than 106 months after Young's conviction.  The Motion is untimely by almost 6 years.

The presumption of untimeliness can be rebutted if a defendant shows he "was or is incompetent and such incompetence substantially contributed to the delay in the . . . motion for a DNA test."  18 U.S.C. § 3600(a)(1)(B)(I).  Young argues he is incompetent because he is not a lawyer.  However, "incompetence" has the meaning defined in 18 U.S.C. §  4241.  See 18 U.S.C. § 3600(a)(1)©.  In other words, the defendant must show he is or was "suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense."  18 U.S.C. § 4241.  Young has made no such showing.

Young also argues the presumption of untimeliness is rebutted because manifest injustice will result if the motion for DNA testing is not granted.  As discussed above, substantial evidence supports the jury's verdict.  No manifest injustice will result from denying the motion.  Whether or not Young's DNA could be found on the items he wants analyzed would have no effect on the outcome of the trial.

Young requests the Court to appoint counsel to represent him. "[T]he right to appointed counsel extends to the first appeal of right, and no further." Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). Accordingly, the motion for appointment of counsel is denied.

## IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Joseph Paul Young's Motion for Appointment of Counsel and Motion for DNA Testing [Docket Nos. 116, 117] are **DENIED**.

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT COURT

Dated:  September 9, 2020